**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

**MEMORANDUM ENDORSED**

May 25, 2023

**By ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2023

Re: United States v. Louis Bravo, 18 Cr. 283 (GHW)

Dear Judge Woods:

I write on behalf of my client, Louis Bravo, to respectfully request that the Court order early termination of Mr. Bravo's supervised released. Over the past two years Mr. Bravo has complied with the terms of his supervision and made great strides in his rehabilitation. This request is not opposed by the Probation Office. The government defers to the Probation Office's views on early termination.

**The Court has authority to terminate Mr. Bravo's supervision**

Upon consideration of the factors set out in 18 U.S.C. § 3553(a), the Court has the authority to terminate supervision any time after the expiration of one year if termination "is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e). Mr. Bravo was sentenced by this Court on June 2, 2021, and has now served almost two years on his supervised release term. Accordingly, the Court has statutory discretion to terminate his supervision.

**The purposes of Mr. Bravo's supervised release have been served**

"Congress intended supervised release to assist individuals in their transition to community life. … Accordingly, [s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Burden*, 860 F.3d 45,

56 (2d Cir. 2017) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)) (internal quotations omitted). *See also United States v. Bethea*, 5 Cr. 1234, 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (quoting *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015)) ("Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation.").

Mr. Bravo has now been under some form of supervision since October 3, 2019. For approximately 20 months, Mr. Bravo complied fully with the mandates of Pretrial Supervision. At Mr. Bravo's sentencing hearing, the Court noted:

> I believe that there's only a relatively modest risk that Mr. Bravo will be tempted to recidivate, and I say that, in part, in reliance on Mr. Bravo's remorse and commitment to me here but also on the heels of a year and a half of compliance with the terms of his release. So I view the risk as relatively modest in large part because of his age, the extended period of compliance with the terms of his pretrial release as I described. Those are very positive factors that weigh against what I expect will be the continuing financial pressures for Mr. Bravo to engage in similar conduct.

Sentencing Transcript, docket # 55 at 53:15—25.

Indeed, the Court's assessment of the risk was correct. Mr. Bravo has been under the supervision of the Probation Office since June 2, 2021, and has done exceedingly well. Mr. Bravo has paid his restitution obligation in its entirety. He has also traveled out of the country for medical treatment on several occasions without incident.

**Early termination of Mr. Bravo's supervision will serve the interests of justice**

Mr. Bravo does not have a permanent home in the United States and intends to reside in the Dominican Republic. He has been receiving all of his medical treatment there and has been burdened by the cost of regular travel. Mr. Bravo's medical care includes medication management and rehabilitation therapy to assist with his hearing, movement, and spine issues. Permanent relocation to the Dominican Republic would allow him to engage fully in his treatment.

Further supervision is unnecessary to achieve the aims of supervised release. Mr. Bravo has maintained a law-abiding life, paid his restitution, and complied with all other terms. Accordingly, I ask the Court to terminate Mr. Bravo's supervised release.

Thank you for your consideration of this request.

Respectfully submitted,

_____
Tamara L. Giwa
Counsel for Louis Bravo
Federal Defenders of New York
(917) 890-9729

Cc: AUSA Emily Johnson (via ECF)
    USPO Brittany Valentine (via email)

Application granted. Following consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes the early termination of the defendant's term of supervised release is appropriate. The need to support the defendant's medical care weighs particularly heavily in favor of the application, given the defendant's plan to reside, and seek treatment, in the Dominican Republic. The early termination of the defendant's supervised release will advance that goal.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 74.

SO ORDERED.

Dated: June 15, 2023          _____
New York, New York                  GREGORY H. WOODS
                               United States District Judge